**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted February 17, 2006*
Decided February 22, 2006

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

No. 05-1931

DANIEL M. ANDREOLA, SR.,
    *Plaintiff-Appellant*,

*v.*

STATE OF WISCONSIN, *et al.*,
    *Defendants-Appellees*.

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 04-C-0282
William C. Griesbach,
*Judge*.

**Order**

Daniel Andreola brought this action under 42 U.S.C. §1983 in an effort to obtain, while in state prison, kosher meals prepared according to a regimen that Andreola describes as "ultra Orthodox". He wants "Kosher food that is prepared, wrapped and sealed and Certified under Rabbinical supervision, so that I can see the Certification and only I can open the seal on the food". He demands both compensatory damages and equitable relief. The district court denied his motion for a preliminary injunction, and Andreola took this interlocutory appeal under 28 U.S.C. §1292(a)(1).

Neither the State of Wisconsin nor the State's Department of Corrections is a proper defendant. Neither is a "person" for purposes of §1983. See *Lapides v. Uni-*

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

*versity of Georgia*, 535 U.S. 613, 617–18 (2002); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). The warden and other officials at Oshkosh Correctional Institution, where Andreola was confined when the suit began, are proper defendants but play no role in this appeal because Andreola has been transferred to Oakhill Correctional Institution. The claim against these officials is not moot in light of the demand for damages, but this appeal is limited to equitable relief. Andreola's claim against more senior personnel in the Department of Corrections is proper under *Ex parte Young*, 209 U.S. 123 (1908), and is not moot because they can control his diet throughout the state's prison system.

We do not consider whether Andreola would be entitled to relief under the Religious Land Use and Institutionalized Persons Act, see 42 U.S.C. §2000cc–1(a); *Cutter v. Wilkinson*, 125 S. Ct. 2113 (2005), because he did not rely on that statute in the district court. He raised it for the first time in his appellate briefs. A judgment ought not be disturbed on the basis of arguments that the district court did not have an opportunity to consider. In considering Andreola's request for damages and a permanent injunction, the district judge should turn first to RLUIPA, because statutory arguments come ahead of constitutional ones. For present purposes, however, the sole question is whether the district judge abused his discretion in holding that the first amendment itself does not compel the state to provide Andreola with meals prepared according to his specifications while the litigation continues.

The district judge did not abuse his discretion. Wisconsin is providing Andreola with a diet that would be accepted as kosher by most Jews. Although Andreola does not find this satisfactory, the first amendment does not require prisons to accommodate every element of each inmate's faith; there are so many variations that the enterprise would be both costly and unavailing (for perfect implementation cannot be assured at any cost). It also would open the system to abuse, for prisoners might make "religious" demands motivated more by matters of taste than matters of faith. We do not say that Andreola has done this, but the rule must be general. Many decisions, of which *Johnson v. Horn*, 150 F.3d 276 (3d Cir. 1998), overruled on other grounds by *Dehart v. Horn*, 227 F.3d 47 (3d Cir. 2000), is an example, hold that it is enough to accommodate religious dietary needs shared by a significant number of prisoners; inmate-specific diets are not required.

AFFIRMED