UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 15, 2006[*]
Decided December 18, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1491

| | |
|---|---|
| DANIEL M. ANDREOLA, SR., <br>     *Plaintiff-Appellant,* <br><br>    *v.* <br><br> STATE OF WISCONSIN, et al., <br>     *Defendants-Appellees.* | Appeal from the United States District Court for the Eastern District of Wisconsin. <br><br> No. 04 C 186 <br><br> William C. Griesbach, <br>     *Judge.* |

**O R D E R**

Brad Andreola contends in this action under 42 U.S.C. § 1983 that the State of Wisconsin, Rock County Jail ("RCJ"), and its sheriff, Eric Runaas, violated both his First Amendment right to the free exercise of religion and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, by failing to provide him with a kosher diet. Andreola also claims that the defendants committed state law fraud by representing meals to be kosher when they were not. The district court dismissed the State of Wisconsin as a defendant and granted summary judgment to the remaining defendants on all claims. We affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Andreola was admitted into RCJ in February 2003. He immediately told jail officials that he was an Orthodox Jew and requested kosher meals. Among the requirements for keeping kosher are that swine and acceptable meat may not be stored in the same refrigerator; dairy and any type of meat may not be stored together; and meat and dairy products may not be consumed with the same set of utensils. The day after he arrived at RCJ, Andreola met with its lead cook and an RCJ sergeant, who is also Jewish. These officials informed him that because of the difficulty involved with maintaining separate food and utensils, RCJ's kitchen could not be made kosher. Andreola, who is reportedly the only inmate to ever request kosher food at RCJ, gave the cook a list of acceptable meals, and RCJ's kitchen staff attempted to provide him with items from the list.

But Andreola started refusing his meals shortly after the meeting because they were not kosher. Instead, Andreola requested permission to enter the kitchen before mealtime so that he could supervise the preparation of his food. His request was denied due to security concerns. Because Andreola was no longer eating the special meals prepared for him, one of the commanders decided to return him to the standard jailhouse diet.

In June 2003, RCJ was ordered by the circuit court with jurisdiction over his criminal case to resume its practice of providing Andreola with kosher food. Andreola again found the meals unacceptable and refused to eat them. RCJ contracted with Aramark Inc., a food services company, in September 2003, and one of Aramark's representatives met with Andreola to discuss his dietary requirements. Aramark then began providing Andreola with certified kosher meals—at nearly four times the cost of non-kosher meals—from September 2003 until his transfer to a Wisconsin state prison in November 2003.

Andreola filed this suit in February 2004, alleging that the State of Wisconsin, RCJ, and Sheriff Runaas inhibited his right to the free exercise of religion; Andreola also added a fraud claim against the defendants for representing non-kosher food as kosher. The district court dismissed the State of Wisconsin from the action in September 2004 because it determined that the Eleventh Amendment prohibits damage suits against States.

Andreola then sought a preliminary injunction to compel state prison officials to provide him with "ultra-Orthodox" kosher food during the pendency of the litigation. The district court denied his motion, and we affirmed. *See Andreola v. Wisconsin*, No. 05-1931, 171 Fed.Appx. 514 (7th Cir. 2006).

In January 2005, Andreola sought to amend his complaint in the present suit to add 14 new defendants and several new allegations, including Fifth and Eighth Amendment violations and a RLUIPA claim. The district court found that the

additional parties and most of the purported claims were unrelated to his original suit, and denied the motion to amend. But the court determined that under the liberal rules of notice pleading, Andreola had alleged sufficient facts in his original complaint to state a RLUIPA claim. RCJ and Runaas later moved for summary judgment on all of Andreola's claims, and the district court granted the motion.

On appeal Andreola first argues that the district court erred in dismissing the State of Wisconsin from the lawsuit. This claim has no merit. Andreola seeks monetary relief in this suit, but the State of Wisconsin is not a "person" that can be sued for damages under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Omosegbon v. Wells*, 335 F.3d 668, 672-73 (7th Cir. 2003). Moreover, as the district court properly noted, nothing in the complaint suggests that the State of Wisconsin played any role in the alleged violation of Andreola's rights under § 1983 or RLUIPA.

Andreola next argues that the district court improperly denied his motion to amend the complaint to include additional claims and defendants. The denial of a motion to amend a complaint is committed to the discretion of the district court and we will not overturn it unless there has been an abuse of discretion. *See Perry v. First Nat. Bank*, 459 F.3d 816, 819 (7th Cir. 2006). Similarly, the district court's decision regarding joinder of parties is reviewed for an abuse of discretion. *See Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). In this case, as the district court correctly noted, all of the events related to Andreola's additional claims occurred before he filed his original complaint, but he did not seek to amend until nearly a month after the close of discovery and after the defendants had moved for summary judgment. Under the circumstances, we cannot conclude that the district court abused its discretion in denying amendment. *See Bethany Pharm. Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001) (noting that plaintiff's failure to seek amendment until after close of discovery and filing of motion for summary judgment constituted undue delay and was sufficient reason for district court's refusal to allow amendment). The district court also properly determined that joinder of 14 additional defendants with unrelated claims, after the close of discovery, would prejudice RCJ and Runaas. *See Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir. 1999).

Andreola also argues that the district court erred in granting summary judgment to RCJ and Runaas on his free exercise, RLUIPA, and fraud claims. We review the district court's grant of summary judgment *de novo*. *Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006). Although we take the facts in the light most favorable to Andreola, his own conclusory allegations unsupported by specific facts will not suffice to rebut evidence supporting a summary judgment motion. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). To establish liability under § 1983, Andreola had to show

that RCJ had an express policy of refusing to provide kosher meals. *See Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006). As the district court correctly noted, Andreola did not offer such evidence. Andreola's § 1983 claim against Runaas fails for similar reasons. To be held liable under § 1983, a defendant must be personally responsible for the deprivation of a constitutional right. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Here Andreola presented no evidence that Runaas was even aware of the decision not to give him kosher food. Accordingly, the district court did not err in granting summary judgment on these claims.

Andreola's RLUIPA claim is similarly unavailing. RLUIPA makes it unlawful for prisons that receive federal funding to substantially burden an inmate's religious exercise unless the disputed measure is the least restrictive way to advance a compelling state interest. *Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006). Here the defendants refused Andreola's request to prepare his own meals in the kitchen for security reasons. This court has found that ensuring security within a prison is a compelling state interest, *see id.* at 391, and as the district court noted, this rationale extends to security within a jail. *See Reynolds v. City of Anchorage*, 379 F.3d 358, 362 (6th Cir. 2004)*;* see *generally Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005) (chronicling stabbings and other incidents of violence at Cook County Jail).

Additionally, the district court correctly determined that the defendants were not required to spend an additional $2,000 to provide Andreola with prepackaged kosher meals. As the court notes, defendants have a legitimate interest in abating the costs of a prisoner's keep. *See DeHart v. Horn*, 390 F.3d 262, 271-72 (3d Cir. 2004) (upholding denial of RLUIPA claim of Buddhist inmate who complained that prison officials did not provide him with a diet free from "pungent vegetables").

Andreola's fraud claim also fails. Among the elements that must be proven to establish fraud under Wisconsin law is that the defendant must either know that the representation is untrue or must make the representation with reckless disregard as to whether it was true or false. *See Lundin v. Shimanski*, 368 N.W.2d 676, 681 (Wis. 1985). In this case, Andreola presented no evidence whatsoever supporting his claim that RCJ intentionally misrepresented that his food was kosher. As the district court noted, RCJ's cook told Andreola in their initial meeting that the kitchen could not be made kosher. Additionally, aside from his blanket assertions to the contrary, nothing in the record suggests that the meals provided later by Aramark were not kosher.

Andreola's final argument on appeal is that the district court erred in not granting his motion to vacate its earlier judgments and hold a new trial. Given our

rulings that the district court did not abuse its discretion at any point in this case, Andreola's request for a new trial warrants no further discussion.

AFFIRMED.